IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01689-ZLW

GABRIEL ESPINOZA VASQUEZ,

Applicant,

v.

AL ESTEP, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -7 2008

GREGORY C. LANGHAM
                    CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant, Gabriel Espinoza Vasquez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. On July 28, 2008, he submitted *pro se* a motion titled "Motion to Challenge Order and Judgment of Dismissal." The Court must construe the motion liberally because Mr. Vasquez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the motion will be treated as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.
Mr. Vasquez's motion, which was filed more than ten days after the judgment was entered, will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice in an order filed on October 13, 2005, after Mr. Vasquez failed within the time allowed to cure the deficiency noted in Magistrate Judge O. Edward Schlatter's August 31, 2005, order. Specifically, Mr. Vasquez failed within the time allowed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing or to pay the $5.00 filing fee. The dismissal order was mailed to Mr. Vasquez at the address he provided in his habeas corpus application and, despite his contention that he never received the order, there is no indication in the Court's docketing records that the October 13 order was returned to the Court as undeliverable.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Vasquez fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Challenge Order and Judgment of Dismissal" that Applicant, Gabriel Espinoza Vasquez, filed with the Court on July 28,

2008, and which the Court has construed as a motion to reconsider filed pursuant to

Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this  7  day of  Aug , 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01689-ZLW

Gabriel Espinoza Vasquez
Prisoner No. 80981
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/7/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk